UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PATRICIA ANN CABRERA,**

      **Plaintiff,**

v.                                                              Case No: 6:11-cv-1811-Orl-22GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____/

## ORDER

This cause is before the Court on Plaintiff Patricia Ann Cabrera's ("Plaintiff") Complaint for review of the Final Decision of the Commissioner of Social Security denying the Plaintiff's claim for Social Security Disability benefits and Supplemental Security Income payments (Doc. No. 1).

The United States Magistrate Judge has submitted a report recommending that the decision be affirmed. (Doc. No. 23).

After an independent *de novo* review of the record in this matter, including the objections filed by the Plaintiff (Doc. No. 24), the Court determines that this action should be remanded for further administrative proceedings consistent with this Order.[1]

### I. BACKGROUND

The Court adopts as if fully set forth herein the background section from the Magistrate Judge's Report & Recommendation.

---

[1] Defendant Commissioner of Social Security did not file any objections or respond to Plaintiff's objections in this case.

In the present case, the Administrative Law Judge ("ALJ") held that Plaintiff is not disabled under Section 1614(a)(3)(A), Section 216(i), and Section 223(d) of the Social Security Act. (Doc. No. 13-2 at p. 28). Plaintiff claimed disability based on low back pain and reported problems with frequent urination. (*Id.* at pp. 18-19).

## II.   PLAINTIFF'S OBJECTIONS

Plaintiff argues that the Magistrate Judge improperly rejected her arguments that the ALJ failed to apply the correct legal standards to Plaintiff's bladder impairment and that the ALJ failed to apply the correct legal standards to Plaintiff's credibility determination.

### A. *First Objection*

When an ALJ makes a disability determination, the ALJ follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform her past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009) (per curiam) (citations omitted). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137 (citation omitted). When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted).[2]

---

[2] Substantial evidence is evidence that is "more than a scintilla, i.e. evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citations omitted).

In the present case, Plaintiff argues that the ALJ failed to consider Plaintiff's urinary incontinence as a severe impairment at various steps, including at step 2, step 3, and step 5. The Court agrees with the Magistrate Judge's ruling that Plaintiff's argument is without merit and adopts the same rationale set forth in the Magistrate Judge's Report and Recommendation.

B. *Second Objection*

During the hearing before the ALJ, Plaintiff testified that she suffered bladder control and had to urinate about every fourteen to twenty minutes while working. (Doc. No. 13-2 at p. 49).[3] Plaintiff elaborated that when she was first injured she would urinate herself but that the doctors hope that with time, the frequent urination may slow down at least to the point that it occurs not as much within the hour. (*See id.* at 52). As well, Plaintiff cites to multiple references in her medical records regarding her incontinence and neurogenic bowl and bladder. (*See* Doc. No. 24 at pp. 2-4 (citations omitted)). Notwithstanding, it appears Plaintiff does not mention the bladder issue in her application for benefits, or at the very least, the application predominately focuses on her back pain issues.

When a plaintiff attempts to establish a disability based on testimony of pain and other symptoms, a plaintiff "must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam) (citations omitted). If the ALJ discredits a plaintiff's subjective testimony, the ALJ must articulate explicit and adequate reasons for this discrediting.

---

[3] In the ALJ's order, the ALJ mistakenly identifies the number of times Plaintiff needs to urinate when the ALJ sets forth in the order, "The claimant also reported . . . problems with frequent urination at about 15 to 20 times a day, even when on medication (i.e. Vesicare)." (Doc. No. 13-2 at p. 19).

*Id.* If ALJ fails to articulate the reasons, the Court must remand the action for proper consideration of a plaintiff's subjective complaints. *See Cannon v. Bowen*, 858 F.2d 1541, 1545 (11thr Cir. 1988); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (noting that the circuit does not require an explicit finding as to credibility so long as the implication is obvious to the reviewing court); *Foote*, 67 F.3d at 1562 (same). The Eleventh Circuit has stated, "A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case." *Foote*, 67 F.3d at 1562 (citation omitted).

In the present case, Plaintiff argues that ALJ discredited Plaintiff's testimony regarding her frequent urination issues without articulating specific and adequate reasons. (Doc. No. 24 at p. 5). The Court agrees. For example, the ALJ clearly states that she discredits Plaintiff's testimony regarding Plaintiff's complaints of significant back and lower extremity pain based on the fact that the degree of limitation alleged is inconsistent with the record. As well, the ALJ then sets forth the record regarding these complaints. However, the ALJ did not do the same analysis with respect to Plaintiff's complaint of frequent urination. The Court finds that the discrediting by implication is not so clear as to amount to a specific credibility finding. Therefore, the Court remands this action for further proceeding consistent with this order.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation, filed December 18, 2012 (Doc. No. 23), is **ADOPTED and CONFIRMED** to the extent provided in this Order and is made a part of this Order.

2. Plaintiff's objections are **OVERRULED in part and SUSTAINED in part** to the extent provided in this Order.

3. The final decision of the Commissioner is **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g), for further administrative action consistent with this Order. The Clerk is directed to enter judgment accordingly.

4. The Clerk is **DIRECTED TO CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on January 22, 2013.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties