**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA ANN CABRERA,**

      Plaintiff,

v.                                                       Case No:  6:11-cv-1811-Orl-22GJK

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      Defendant.

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:**    **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 27)**
>
> **FILED:**      **January 29, 2013**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On January 23, 2013, judgment was entered reversing and remanding this case to the Commissioner of Social Security (hereafter "Commissioner"), pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 26. Plaintiff, Patricia Ann Cabrera, now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereafter "Motion"). Doc. No. 27. In the Motion, Plaintiff requests that the Court award her $4,465.36 in attorney's fees. Doc. No. 27 at 1.

In the Motion, and attached time sheet, counsel for Plaintiff, Richard A. Culbertson, Esq., states that he performed 1.7 hours of work on the case in 2011 at a rate of $180.57 per hour

($306.96) and 19.3 hours of work on the case in 2012 and 2013 at a rate of $184.00 per hour ($3,551.20) for a total of $3,858.16 in attorneys' fees. Doc. No. 27 at 2 ¶8. The Motion also indicates that Sarah Fay performed 3.3 hours of work on the case in 2012, at an hourly rate of $184.00, for a total of $607.20. Doc. No. 27 at 2 ¶8. Thus, Plaintiff seeks a total attorney's fee award of $4,465.36. In the memorandum of law accompanying the Motion, Plaintiff states that the fee requested does not exceed the "Equal Access to Justice Act cap of $125 per hour adjusted for inflation." Doc. No. 27 at 11. Plaintiff also indicates that she "assigned her right to attorney fees" to Mr. Culbertson and represents that the "government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel," if the government determines Plaintiff does not owe a debt to the government. Doc. No. 27 at 2-3 ¶9. The Motion is unopposed. Doc. No. 27 at 3.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorneys' fees. *Id*. at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The

> person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States,* 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, 2011 WL 1196054 at *3-4 (M.D. Ga. Feb. 24, 2011).

In compliance with *Ratliff*, it is **RECOMMENDED** that:

1. The Motion be granted only to the extent that the Court awards EAJA attorney's fees to Plaintiff, as the prevailing party, in the sum of $4,465.36;

2. The Court otherwise deny the Motion; and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on February 6, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy